# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| EMERGENCY STAFFING SOLUTIONS, INC. | § § § | |
| | § | CIVIL ACTION NO 4:13-CV-309 |
| v. | § § | Judge Mazzant |
| CAH ACQUISITION COMPANY #10, LLC, ET AL | § § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion for Partial Summary Judgment (Dkt. #42) and Defendant HMC/CAH Consolidated Inc.'s Motion for Summary Judgment (Dkt. #44) and Defendants Washington County Hospital, Yadkin Valley Community Hospital and Haskell County Community Hospital's Motion for Summary Judgment (Dkt. #45). After considering the motions, the responses, and the relevant pleadings, the Court finds that Plaintiff's motion should be denied and Defendants' motions should be denied.

## BACKGROUND

On March 16, 2015, Plaintiff filed its Motion for Partial Summary Judgment (Dkt. #42). On April 2, 2015, Defendants filed their response (Dkt. #50). On April 14, 2015, Plaintiff filed its reply (Dkt. #55).

On March 16, 2015, Defendant HMC/CAH Consolidated Inc. ("HMC") filed its Motion for Summary Judgment (Dkt. #44). On April 2, 2015, Plaintiff filed its response (Dkt. #48). On April 13, 2015, HMC filed its reply (Dkt. #52). On April 23, 2015, Plaintiff filed its sur-reply (Dkt. #60).

On March 17, 2015, Defendants Washington County Hospital ("CAH-Washington"), Yadkin Valley Community Hospital ("CAH-Yadkin"), and Haskell County Community Hospital

1

("CAH-Haskell") filed their motion for summary judgment (Dkt. #45). On April 2, 2015, Plaintiff filed its response (Dkt. #49). On April 13, 2015, CAH-Washington, CAH-Yadkin, and CAH-Haskell filed their reply (Dkt. #54). On April 23, 2015, Plaintiff filed its sur-reply (Dkt. #59).

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits "[show] that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The trial court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment. *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981) (citations omitted). The substantive law identifies which facts are material. *Anderson*, 477 U.S. at 248.

The party moving for summary judgment has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id.* at 247. If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000).

Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248-49). The nonmovant must adduce affirmative evidence. *Anderson*, 477 U.S. at 257. No "mere denial of material facts nor…unsworn allegations [nor] arguments and assertions in briefs or legal memoranda" will suffice to carry this burden. *Moayedi v. Compaq Computer Corp.*, 98 F. App'x 335, 338 (5th Cir. 2004). Rather, the Court requires "significant probative evidence" from the nonmovant in order to dismiss a request for summary judgment supported appropriately by the movant. *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001). The Court must consider all of the evidence but must refrain from making any credibility determinations or weighing the evidence. *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

After a careful review of the record and the arguments presented, the Court is not convinced that Plaintiff or Defendant has met its burden demonstrating that there are no material issues of fact entitling it to judgment as a matter of law. The case should proceed to trial.

## CONCLUSION

Based on the foregoing, the Court finds Plaintiff's Motion for Partial Summary Judgment (Dkt. #42) is hereby **DENIED**, Defendant HMC/CAH Consolidated Inc.'s Motion for Summary Judgment (Dkt. #44) is hereby **DENIED**, and Defendants Washington County Hospital, Yadkin Valley Community Hospital and Haskell County Community Hospital's Motion for Summary Judgment (Dkt. #45) is hereby **DENIED**.

**SIGNED** this 2nd day of July, 2015.

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE